■ SUSAN POLYE, Appellant, v NEDERLANDER ORGANIZATION, INC., et al., Respondents. [16 NYS3d 311]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Strauss, J.), entered March 24, 2014, which granted the defendants' motion for summary judgment dismissing the complaint, and (2), as limited by her brief, from so much of an order of the same court entered June 20, 2014, as denied her motion for leave to reargue her opposition to the defendants' motion for summary judgment dismissing the complaint.

Ordered that the appeal from the order entered June 20, 2014, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered March 24, 2014, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

On January 25, 2013, the plaintiff attended a Broadway show at the defendants' theater. According to the plaintiff, during the entire show, a patron sat on an aisle step next to a row of seats. At the conclusion of the show, patrons, including the plaintiff, left their respective rows where they had been seated in order to gain access to the aisle. According to the plaintiff, as she was attempting to go around the patron who had been sitting in the aisle, that patron stood up and spread her coat open, causing the plaintiff to fall down the aisle. The plaintiff subsequently commenced this action against the defendants to recover damages for personal injuries.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. The defendants established, prima facie, that any negligence on their part in allegedly allowing the patron to sit in the aisle during the

show was not a proximate cause of the accident. In this regard, the defendants established that the patron's act of spreading her coat open in the aisle after the show ended was an independent, intervening act that was not a normal or foreseeable consequence of the situation created by the defendants' alleged negligence (see *Campbell v Central N.Y. Regional Transp. Auth.*, 7 NY3d 819, 820-821 [2006]; *Maheshwari v City of New York*, 2 NY3d 288, 295 [2004]; *Pinero v Rite Aid of N.Y.*, 99 NY2d 541, 542 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact. Leventhal, J.P., Dickerson, Roman and Hinds-Radix, JJ., concur.