Kaziyeva v Majeski (2020 NY Slip Op 02671)





Kaziyeva v Majeski


2020 NY Slip Op 02671


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-02051
 (Index No. 631/16)

[*1]Rimma A. Kaziyeva, respondent, 
v
Sandra Majeski, et al., appellants.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel]), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated January 10, 2019. The order denied the defendants' motion for summary judgment dismissing so much of the complaint as alleged injuries sustained by the plaintiff on January 2, 2016.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing so much of the complaint as alleged injuries sustained by the plaintiff on January 2, 2016, is granted.
Following an accident on November 11, 2015, in which the plaintiff, a pedestrian, was struck by the defendants' vehicle, the plaintiff was hospitalized and thereafter transferred to a nursing home to recuperate from the injuries she sustained in the accident. While residing at the nursing home, the plaintiff was again injured on January 2, 2016, when she allegedly attempted to use the bathroom on her own, even though she had been specifically instructed against doing so by medical staff, by moving from her bed to her wheelchair and unlocking its brake without assistance. Although the plaintiff had never before attempted these actions on her own, she alleged that she had done so because her calls for assistance to the nursing home staff had gone unanswered for more than an hour.
The Supreme Court should have granted the defendants' motion for summary judgment dismissing so much of the complaint as alleged injuries sustained by the plaintiff on January 2, 2016. The defendants established, prima facie, that any negligence on their part with regard to the November 11, 2015, accident was not a proximate cause of the accident on January 2, 2016. Neither the failure of the nursing home to answer the plaintiff's calls for assistance for a significant period of time nor the plaintiff's attempt to use a wheelchair to get from her bed to the bathroom without assistance could be deemed a normal or foreseeable consequence of the situation created by the defendants' alleged negligence (see Campbell v Central N.Y. Regional Transp. Auth., 7 NY3d 819, 820-821; Polye v Nederlander Org., Inc., 131 AD3d 1031, 1031-1032). In opposition, the plaintiff failed to raise a triable issue of fact.
BALKIN, J.P., COHEN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court